IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY A. BEDELL,            }
                              }
    Plaintiff                 }
                              }    CIVIL ACTION NO.
    vs.                       }
                              }    96-AR-3120-S
UNITED STATES PIPE & FOUNDRY  }
COMPANY,                      }
                              }
    Defendant                 }

MEMORANDUM OPINION

Before the court in this too-old case are three motions: (1) a motion by defendant, United States Pipe & Foundry Company ("U. S. Pipe") for summary judgment; (2) a motion by plaintiff, Jeffery A. Bedell ("Bedell"), to strike certain of U. S. Pipe's testimony offered in support of its motion for summary judgment; and (3) a motion by Bedell to dismiss that part of his action based on U. S. Pipe's alleged failure to promote him. The granting of Bedell's motion to dismiss his promotion claim will moot U. S. Pipe's motion for summary judgment insofar as it is addressed to that claim. The denial of U. S. Pipe's motion for summary judgment will moot Bedell's motion to strike.

In considering a motion under Rule 56, F.R.Civ.P., the non-movant, here Bedell, is to be given the benefit of all evidence construed in his favor, including all possible inferences. Giving up his "failure to promote" claim, Bedell invokes 42 U.S.C. § 1981

1

and Title VII, as bases for his remaining claims of racial discrimination by his employer in the forms of (1) a racially hostile work environment; (2) racial discrimination in work assignments; and (3) retaliation for having engaged in protected activity.

The briefs on both sides are comprehensive and well written. The Supreme Court's recent decisions in *Faragher v. City of Boca Raton*, 1998 WL 336322, and *Burlington Industries, Inc. v. Ellerth*, 1998 WL 336226, for which this court waited, do not provide material aid or comfort to either party or to the court in this case. The court's problem in almost every hostile environment case, whether involving sex or race, is how to judge when, as a matter of law, a plaintiff has failed or has succeeded with his or her evidence to describe a "hostile environment." This court could spend a great deal of time analyzing the evidence in this case, including the various small events, arguably constituting both verbal and symbolic expressions having racial connotations or overtones, some more obvious and more obnoxious than others, and could express its personal judgment as a jury would under its Seventh Amendment prerogative; but if the court did so, it would be pontificating without having actually seen or heard a single witness and thus would be speaking while deprived of the overtones and the nuances that are central to credibility determination and that may be indicative of what a particular work environment is

2

_really_ like.  One piece of evidence that was <u>not</u> a factor in the court's Rule 56 conclusion is Bedell's favorable EEOC determination accompanying his right-to-sue letter.

Courts should recognize a distinction between the word "reasonable" as used in the contexts of (1) what a "reasonable" employee should find to be innocuous conduct or conduct not so hostile as to be tolerable; or (2) what a "reasonable" supervisor should appreciate as inappropriate behavior under Title VII for the work place; or (3) what a "reasonable" manager would do in response to an employee's racially motivated remarks or activities; <u>and</u> (4) on the other hand, the substantially different question of when a "reasonable" jury can be allowed even to answer the questions inherent to contexts (1), (2) and (3) above.

By denying U. S. Pipe's Rule 56 motion, the court does not mean to say that after both it and a jury hear Bedell's evidence and the court examines that evidence in light of U. S. Pipe's anticipated Rule 50 motion, Bedell will be found to have made out a _prima facie_ case.  The fact the evidence passes Rule 56 scrutiny does not automatically mean that it will pass Rule 50 scrutiny.

Some of Bedell's proffered evidence of past events at U. S. Pipe cannot form bases for claims arising directly from the events described in that evidence, because such claims are barred by one or more applicable statute of limitations.  Whether such evidence, or any of it, will be relevant and allowed as background and as

3

some indication of a pervasive employer attitude that arguably continued into a time frame not barred by a statute of limitations will remain for trial. An appropriate, separate order will be entered.

DONE this 10th day of August, 1998.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE